UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 16-8** |
| **JOPPA JACKSON** | **SECTION "H"** |

### ORDER AND REASONS

Before the Court is Defendant Joppa Jackson's Motion for Early Termination of Probation (Doc. 458).

On April 14, 2025, Defendant Joppa Jackson filed a *pro se* motion requesting early termination of his term of probation. In October 2017, Defendant was sentenced to a term of 78 months imprisonment and 96 months of supervised release for conspiracy to distribute 500 or more grams of a mixture containing cocaine hydrochloride. In his motion, Defendant states that he has served 52 months of probation. Accordingly, Defendant has completed more than one year of his probation.

In his motion, Defendant asks this Court to release him from probation. Defendant contends that his probation should be terminated early because he has fully complied with the conditions of his probation, demonstrated consistent rehabilitation and stability and satisfied all financial obligations related to his sentence, including fines, restitution and court costs. Specifically, Defendant asserts that he has maintained stable, gainful employment as the owner of a company, become engaged, cared for three children, attained homeownership, completed two drug programs and the M.R.T. class. Further, Defendant asserts that he has been arrest- and violation-free throughout his

term of probation. The Government did not file an opposition to Defendant's motion.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, the Court is satisfied that terminating Defendant's probation early is warranted by his conduct and the interest of justice. "[J]udges in this district have terminated supervised release when a defendant had completed most of the term and . . . in cases involving changed circumstances, such as exceptionally good behavior."[4] Defendant has served a most of his 8-year term, complied with the terms of his probation, and shown exceptionally good behavior.[5]

---

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United States v. Wade, No. CR 08-196, 2025 WL 1363091, at *2 (E.D. La. Apr. 21, 2025), report and recommendation adopted, No. CR 08-196, 2025 WL 1358951 (E.D. La. May 9, 2025).

[5] *Id.* (citing United States v. Johnson, Cr. No. 04-131, 2025 WL 1065885, at *3 (E.D. Tex. Apr. 7, 2025) ("[T]he court need not find extraordinary, compelling, or changed circumstances to justify early termination.")).

Accordingly;

**IT IS ORDERED** that early termination of supervision is warranted, and Defendant's Motion is **GRANTED**.

New Orleans, Louisiana this 21st day of May, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**